# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **FIFTH THIRD BANK, NA** : | |
| 38 Fountain Square Plz. : | Case No. 1:22-cv-373 |
| Cincinnati, OH 45263 : | |
| : | |
| Plaintiff, : | |
| : | Judge _____ |
| v. : | |
| : | |
| **FREDERICK SILVER**, : | |
| **TRUSTEE OF THE ARCHIE A. SILVER** : | |
| **REVOCABLE TRUST u/a/d** : | |
| **SEPTEMBER 8, 2006** : | |
| 1625 Greenbrook Ct. : | |
| Mobile, AL 36609 : | |
| : | |
| **and** : | |
| : | |
| **FREDERICK SILVER**, : | |
| **TRUSTEE OF THE MARY LOUISE** : | |
| **SILVER REVOCABLE TRUST u/a/d** : | |
| **FEBRUARY 12, 1985** : | |
| 1625 Greenbrook Ct. : | |
| Mobile, AL 36609 : | |
| : | |
| Defendants. : | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND REQUEST FOR ACCELERATED HEARING UNDER FED. R. CIV. P. 57

### NATURE OF THE ACTION

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201 et seq. and Federal Rule of Civil Procedure 57 for a declaration of the rights and other legal relations of all parties involved herein arising out of certain investment management agreements pertaining to property owned by the trustee of the Archie A. Silver Revocable Trust u/a/d September 8, 2006 (the "Archie Trust") and the trustee of the Mary Louise Silver Revocable

Trust u/a/d February 12, 1985 (the "Mary Trust" and together with the Archie Trust, the "Trusts") that is currently held and managed by Fifth Third Bank, NA ("Fifth Third").

## PARTIES

2. Fifth Third is a National Banking Association with its principal place of business located in Cincinnati, Ohio. Fifth Third served as the investment manager for two investment accounts in the name of each Trust (the "Accounts") pursuant to two investment management agreements (the "IMAs").

3. Upon information and belief, Dr. Frederick Silver ("Dr. Silver") is the successor trustee and sole beneficiary of both the Archie Trust and the Mary Trust.

4. Upon information and belief, Dr. Silver is a resident of Alabama.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to the IMAs, which state that the trustee of the Trusts "consent[s] to service of process, personal jurisdiction and venue over any action or proceeding that arises out of or is related to this Agreement and the state and federal courts located in Cincinnati, Hamilton County, Ohio will have exclusive jurisdiction and venue over the same."

## FACTS

7. On or about June 11, 2010, Mary Louise Silver, the then-serving Trustee of the Archie Trust and the mother of Dr. Silver, entered into an investment management agreement with Fifth Third pursuant to which Fifth Third agreed to manage property owned in the name of

the Archie Trust. A true and accurate copy of the Archie Trust investment management agreement is attached as **Exhibit 1**.

8. On or about June 18, 2010, Mary Louise Silver, the then-serving Trustee of the Mary Trust and the mother of Dr. Silver, entered into an investment management agreement with Fifth Third pursuant to which Fifth Third agreed to manage property owned by the Mary Trust. A true and accurate copy of the Mary Trust investment management agreement is attached as **Exhibit 2**.

9. The IMAs both state that it is the trustee's responsibility "to advise [Fifth Third] in writing of [the trustees'] investment objectives for" the respective Accounts. *See* Exs. 1 and 2 at p. 1.

10. Upon information and belief, in or about February 2014, Mary Louise Silver resigned as trustee of both the Archie Trust and the Mary Trust.

11. Upon information and belief, in or about February 2014, Dr. Silver accepted the successor trusteeship of both the Archie Trust and Mary Trust.

12. In February 2016, Dr. Silver notified Fifth Third that he had assumed the trusteeship of the Trusts. A true and accurate copy of a February 25, 2016 letter from Dr. Silver to a representative of Fifth Third is attached as **Exhibit 3** ("At this point, I want to be sure that the trusteeship has been transferred to my name.").

13. Despite numerous attempts to contact Dr. Silver to inquire into his goals and objectives with respect to the Accounts, Fifth Third has been unable to obtain the guidance it needs to manage the Accounts.

14. Indeed, on or about June 1, 2021, Fifth Third sent Dr. Silver a letter explaining that it had been trying to contact him for some time but that it had yet to hear from him and, as

3

investment manager for the Accounts, Fifth Third has a duty to serve him and the Accounts to the best of its abilities, which necessarily requires Dr. Silver's input. A true and accurate copy of the June 1, 2021 letter is attached as **Exhibit 4**.

15. Exhibit 4 was hand delivered to Dr. Silver by a personal service agent that Fifth Third engaged to ensure delivery.

16. Dr. Silver never responded to the June 1, 2021 letter.

17. Then, on or about August 1, 2021, Fifth Third sent another letter stressing the urgency of a meeting between Fifth Third and Dr. Silver and explaining that Fifth Third cannot continue to manage the Trust property without Dr. Silver's input and cooperation. A true and accurate copy of the August 1, 2021 letter is attached as **Exhibit 5**.

18. Exhibit 5 was hand delivered to Dr. Silver by a personal service agent that Fifth Third engaged to ensure delivery.

19. Again, Dr. Silver did not respond to Fifth Third's correspondence.

20. The IMAs state that either party may terminate the agreement "by giving thirty (30) days' written notice to the other party." *See* Exs. 1 and 2 at p. 5.

21. On or about March 23, 2022, Fifth Third served a thirty-day notice that it was terminating both of the IMAs pursuant to their terms. A true and accurate copy of the termination letter from Fifth Third to Dr. Silver is attached as **Exhibit 6**.

22. Exhibit 6 was hand delivered to Dr. Silver by a personal service agent that Fifth Third engaged to ensure delivery.

23. The IMAs provide that upon termination the fiduciary "will be exclusively responsible for instructing [Fifth Third] for the disposition of the assets in [the Accounts] following termination." *See* Exs. 1 and 2 at p. 6.

24. The IMAs further provide that Fifth Third has the right to "employ or consult with, at the Account's expense, such attorneys . . . as may be deemed necessary by us" and to "retain amounts in the Account sufficient to . . . satisfy any amounts you may owe us, including any termination fees outlined in our current Schedule of Fees. *See* Exs. 1 and 2 at pp. 4, 5, 6.

25. On or about March 23, 2022, Dr. Silver was served with a letter from Fifth Third's counsel asking for direction as to where the Trust's investment property should be deposited and explaining that if Dr. Silver did not contact counsel by a certain date, Fifth Third would file this action seeking court instruction in this matter. A true and accurate copy of the letter from Fifth Third's counsel to Dr. Silver is attached as **Exhibit 7**.

26. Exhibit 7 was also hand-delivered to Dr. Silver by a personal service agent engaged by Fifth Third.

27. On or about March 23, 2022, Dr. Silver signed a document confirming receipt of Exhibits 6 and 7. A true and accurate copy of Dr. Silver's Acceptance of Documents Form is attached as **Exhibit 8**.

28. Dr. Silver has contacted neither Fifth Third nor Fifth Third's counsel since March 23, 2022.

29. In light of Fifth Third's termination of the IMAs and Dr. Silver's refusal to provide instruction for the disposition of the assets held in the Accounts, Fifth Third is in need of direction with respect to the disposition of the assets held in the Trusts' Accounts.

30. As of May 25, 2022, the Mary Trust's assets were valued at $2,892,879.82 and the Archie Trust's assets were valued at $3,681,860.00, for a total of $6,574,739.82 between the two Accounts.

5

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment)

31. Fifth Third incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated herein.

32. An actual controversy now exists between Fifth Third and Dr. Silver relating to their respective rights and obligations under the IMAs, in particular with respect to Fifth Third's right to terminate the IMAs, to receive instruction from the Account owners regarding disposition of the assets held, and payment of Fifth Third's legal fees and costs associated with this action.

33. Fifth Third and Dr. Silver have adverse legal interests under the IMAs.

34. The controversy relating to the termination of the IMAs is substantial and of sufficient immediacy to warrant the issuance of a declaratory judgment.

35. Fifth Third cannot continue to serve as the Trusts' investment manager in light of Dr. Silver's continued refusal to perform his duties under the terms of the IMAs.

36. Fifth Third desires a judicial determination and a declaration of its rights to terminate the IMAs, that the IMAs have been properly terminated pursuant to their terms, and its rights to recoup all legal fees and costs related to preparation, filing, and prosecution of this action.

37. Fifth Third further desires an order pursuant to 28 U.S.C. § 2202 requiring Dr. Silver to provide direction as to where the liquidated Trust Accounts should be transferred or, alternatively, permitting Fifth Third to deposit the Trusts' property into the Court's registry.

**WHEREFORE**, Plaintiff Fifth Third Bank prays for judgment as follows:

A. A declaration that Fifth Third properly terminated the IMAs pursuant to the terms thereunder;

B. An order that Dr. Silver shall immediately respond to Fifth Third's request for direction as to where it should deposit the Trust property in light of Fifth Third's termination or, alternatively, an order permitting Fifth Third to liquidate the investments held and pay the proceeds into the Court's registry;

C. A declaration that Fifth Third shall charge all expenses, including reasonable attorney's fees, against the Trusts' property in light of Dr. Silver's refusal to cooperate with Fifth Third's requests; and

D. Enter such other relief to which Fifth Third may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## REQUEST FOR ACCELERATED HEARING

Pursuant to Federal Rule of Civil Procedure 57, Fifth Third requests an accelerated hearing of this action.

> */s/ Elizabeth E.W. Weinewuth*
> Elizabeth E. W. Weinewuth (0078113)
> Daniel P. Shinkle (0099656)
> VORYS, SATER, SEYMOUR AND PEASE LLP
> 301 E. Fourth Street, Suite 3500
> Cincinnati, OH  45202
> Telephone:  (513) 723-4000
> Facsimile:   (513) 852-7803
> eeweinewuth@vorys.com
> dpshinkle@vorys.com
>
> *Attorneys for Fifth Third Bank, NA*