IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Fifth Third Bank, NA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:22-cv-373 |
| v. | : | |
| | : | Judge Susan J. Dlott |
| Frederick Silver, Trustee of the | : | |
| Archie A. Silver Revocable Trust u/a/d | : | Order Granting Motion for Default |
| September 8, 2006 and of the Mary | : | Judgment |
| Louise Silver Revocable Trust u/a/d | : | |
| February 12, 1985 | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff Fifth Third Bank, NA's Motion for Default Judgment (the "Motion") against Defendant Frederick Silver, Trustee of the Archie A. Silver Revocable Trust u/a/d September 8, 2006 and the Mary Louise Silver Revocable Trust u/a/d February 12, 1985. (Doc. 6.) Having considered the Motion and Memorandum in Support submitted therewith, the Court finds the Motion well-taken. It is hereby **ORDERED** that:

1. Fifth Third's Motion is **GRANTED** and, pursuant to Fed. R. Civ. P. 55(b)(2), default judgment is entered in this matter for Fifth Third against Silver on Fifth Third's claim for declaratory judgment.

2. Fifth Third served the Summons and Complaint on Silver on July 13, 2022. (Doc. 3.)

3. Silver failed to answer or respond to the Complaint, did not seek an extension from the Court to respond, and has not otherwise appeared in this litigation.

4. Accordingly, the Clerk entered default against Silver on September 26, 2022. (Doc. 5.) An entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). That is, the well-pleaded allegations of fact

in the Complaint establishing liability are taken as true following an entry of default. *See Hawkins v. Franklin Cnty. Sheriff's Off.*, No. 2:13-CV-186, 2015 WL 1647033, at *2 (S.D. Ohio Apr. 14, 2015); *Williams v. Rudin*, No. 1:11-CV-01103, 2012 WL 3562134, at *1 (W.D. Tenn. July 31, 2012), *report and recommendation adopted*, 2012 WL 3562106 (W.D. Tenn. Aug. 16, 2012).

5. Accordingly, the following facts have been established: Silver is the successor trustee of the Archie A. Silver Revocable Trust u/a/d September 8, 2006 and the Mary Louise Silver Revocable Trust u/a/d February 12, 1985 (the "Trusts"). Fifth Third managed the property owned by the Trusts pursuant to two Investment Management Agreements signed by Silver's predecessor trustee. As trustee, Silver was required by the Investment Management Agreements to advise Fifth Third in writing of his investment objectives for the Trusts' accounts. Silver failed and refused to communicate with Fifth Third regarding the management of the Trusts' accounts as required. Fifth Third properly terminated the Investment Management Agreements pertaining to the property owned by the Trusts.

6. Fifth Third is ordered to liquidate the Trusts' investments held by Fifth Third in the Trusts' accounts within seven (7) days of the issuance of this Order.

7. Fifth Third shall reimburse or pay all expenses related to the termination of the Investment Management Agreements and of this action, including its reasonable attorneys' fees, from the Trusts' accounts.

8. Fifth Third shall pay the remaining assets held in the Trusts' accounts to the Clerk of Court for deposit in the Court's registry.

9. Upon payments of the assets remaining in the Trusts' accounts to the Clerk of Court for deposit into the Court's registry, Fifth Third is released and discharged of any liability

concerning the Trusts' assets, the Trusts' accounts, or the services it provided as the Trusts' investment manager.

    **IT IS SO ORDERED.**

                                                           BY THE COURT:

                                                           S/Susan J. Dlott
                                                           Susan J. Dlott
                                                           United States District Judge